**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4313**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELISSA RAY ELDERS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:23-cr-00257-MOC-DCK-1)

_____

Submitted:  February 19, 2026                    Decided:  February 23, 2026

_____

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Chiege Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melissa Ray Elders pled guilty, pursuant to a plea agreement, to possession with intent to distribute quantities of heroin, methamphetamine, and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced her to 36 months' imprisonment. On appeal, Elders's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Elders's sentencing counsel rendered ineffective assistance by failing to advocate for a probationary sentence. Elders was advised of her right to file a pro se supplemental brief, but she has not done so. The Government has declined to file a brief. We affirm.

"[W]e typically review ineffective assistance of counsel claims on collateral review" but will consider "such claims on direct review where the ineffectiveness of counsel conclusively appears in the trial record itself." *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc) (internal quotation marks omitted). Because the present record does not conclusively show that Elders's counsel rendered ineffective assistance, we conclude that Elders's "claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Elders, in writing, of the right to petition the Supreme Court of the United States for further review. If Elders requests that a petition be

2

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Elders.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*